COUNCIL 49, AMERICAN FEDERA-
TION OF STATE, COUNTY AND MU-
NICIPAL EMPLOYEES UNION AFL–
CIO, by its Administrator, William T.
ADKINS; Local No. 2904, American
Federation of State, County, etc.; Judy
England, as a member of Local No.
2904, Plaintiffs–Appellees, Cross–Appel-
lants,

v.

Harold REACH, as the former Executive
Director of Council 49; Jimmy Gosa, as
the former President of Council 49;
Ruth Boshell as the former Treasurer;
Larry Trammell as the former Secre-
tary of Council 49; Defendants–Appel-
lants, Cross–Appellees.

No. 87–7022.

United States Court of Appeals,
Eleventh Circuit.

May 4, 1988.

John F. Kizer, Jr., Kizer & Bennitt, Jeff Bennitt, Birmingham, Ala., for defendants-appellants, cross-appellees.

George C. Longshore, Birmingham, Ala., for plaintiffs-appellees, cross-appellants.

Before FAY and KRAVITCH, Circuit Judges, and ATKINS\*, Senior District Judge.

KRAVITCH, Circuit Judge:

Representatives of Council 49 and Local No. 2904, Alabama affiliates of a national labor organization, brought this action under section 501 of the Labor-Management Reporting and Disclosure Act, 29 U.S.C. § 501, which places a fiduciary duty on union officials. The complaint alleged that the defendants, Harold Reach, Ruth Boshell, Jimmy Gosa, and Larry Trammel, former officials of Council 49, had breached their fiduciary duty by mismanaging and misappropriating union funds during their tenure.[1] After a bench trial, the district court found the defendants liable on some of the allegations of the complaint and awarded the plaintiffs $43,740.55 in damages. We affirm in part, reverse in part, and remand.

## I. BACKGROUND

Council 49 is an affiliate of the American Federation of State, County and Municipal Employees, AFL–CIO ("AFSCME") and is composed of representatives of AFSCME local unions in Alabama. An Executive Board, consisting of a President, a Vice President, a Treasurer, a Secretary, and five other Council members, governs the Council. The Board members are elected at the Council's annual convention and each member serves a two year term.

According to the Constitution of Council 49, the Treasurer's duties are to "receive and take charge of all money and property of the Council," to keep accurate records of receipts and disbursements, and to report periodically on the Council's financial condition to the Council and the local unions. In addition, the Treasurer is authorized to "draw and sign checks for such purposes as are required by [the Council's] Constitution or are authorized by the Council Convention or the Executive Board." The President, among other duties, is required to cosign all checks drawn on Council funds. The Secretary's main responsibility is to keep records of Executive Board meetings, including approvals of expenditures. In addition, the Executive Board is charged with appointing an Executive Director, who arbitrates cases, negotiates contracts, and handles grievances for the local unions. The only full-time employee of the Council, the Executive Director receives a salary set by the Board and is reimbursed for expenses incurred while engaged in union business.

In late 1979, the Executive Board of Council 49 appointed Harold Reach to assume the position of Executive Director. Shortly thereafter, in early 1980, Jimmy Gosa was elected President of the Council. In early 1981, Ruth Boshell and Larry Trammel were elected Treasurer and Secretary, respectively. At the time Reach, Boshell, Gosa, and Trammel assumed control of Council 49, it was operating without financial difficulty and its financial records had been meticulously kept. Under the

---

\* Honorable C. Clyde Atkins, Senior U.S. District Judge for the Southern District of Florida, sitting by designation.

1. The complaint also included a pendent claim for tradename infringement, based on the defendants' unauthorized use, in connection with Reach's activities for a rival labor organization, of the plaintiffs' tradename "Alabama Public Employees Union." The district court granted summary judgment in favor of the plaintiffs on this issue and permanently enjoined the defendants from using the name "Alabama Public Employees Union," but found that the plaintiffs had suffered no damages as a result of the tradename infringement. Neither party appeals the district court's disposition of this issue.

defendants' control, however, the Council rapidly deteriorated into a state of financial disaster. For example, Boshell and Gosa frequently signed blank checks and checks made out to cash, making it impossible to account for large amounts of the Council's funds. Moreover, Boshell, with Gosa's approval, often disbursed Council funds to Debbie Reach, Harold Reach's wife, who worked part-time as the office secretary. In April, 1984, for instance, $2105.94 in Council funds was disbursed to Mrs. Reach, who was entitled to a salary of only $100 per month for her secretarial work. Boshell and Gosa also wrote checks on the Council's account to pay Reach's personal bills, such as his power and grocery bills.[2] In addition, the Board overpaid Reach by approximately $10,000 over the course of his employment. To make matters worse, many checks were drawn on insufficient funds, adding overdraft charges to the list of Council expenses.

The Council's financial problems, however, were not limited to the defendants' freewheeling use of the Council 49 checkbook. Since early 1981 Boshell had not withheld payroll taxes from Reach's salary, resulting in unpaid taxes, interest, and penalties of $40,740.55 by the time this suit was filed in September, 1985. In addition, in 1979, William Thomason, an attorney, began representing the Council. Although he was never paid in full for his services, Thomason continued to represent the Council and accrue fees that the Council could not afford to pay. In January of 1983, Thomason obtained a default judgment against the Council for $85,000, for services rendered from March, 1979 through October, 1982. Even after obtaining the judgment, Thomason continued to represent the Council. Boshell did not report the default judgment, or the IRS tax liability, on the Council's monthly balance sheets.

By early 1985, AFSMCE International, the parent organization, became aware of Council 49's financial troubles and placed it under administratorship. Leamon Hood, AFSCME International's area director, was appointed administrator. Shortly thereafter, on April 4, 1985, Reach resigned as

Executive Director and requested that Hood pick up the Council's files from Reach's home, where they were being stored. The files consisted of cancelled checks, receipts, financial reports, and minutes of Board meetings. Apparently Hood did not immediately respond to this request, and by a letter dated May 10, 1985, Reach informed Hood that he had placed the Council's files "on the side of the nearest public thru-fare to my residence" and that Hood would have to pick them up there if he wanted them. After making a diligent search of the area, however, Hood was unable to find the files, and they have not turned up since. Consequently, the evidence at trial consisted of the few Council records that Reach had not left by the roadside and copies of checks provided by the Council's bank.

After Reach resigned and Council 49 was placed under administratorship, the other defendants were ousted from the Board. A newly reconstructed Council worked out a payment schedule with the IRS that allows the Council to reduce its tax debt by monthly installments of $1,000. Since June, 1985, the Council has met this schedule. Also, as a result of negotiations with Thomason, the Council reduced its debt to him to $15,000.

The district court found that the defendants had breached their fiduciary duty to the Council by failing to pay taxes on Reach's salary and by overpaying Reach. The court held the defendants jointly and severally liable for the $40,740.55 tax debt to the IRS and for $3,000 in overpayments to Reach. The district court, however, rejected the plaintiffs' argument that the defendants breached their fiduciary duty by incurring the debt to Thomason and the bank overdraft charges. The defendants appeal the district court's finding of liability under section 501 and dispute the measure of damages as to the payroll tax issue. The plaintiffs cross-appeal, arguing that incurring the debt to Thomason and the overdraft charges were breaches of fiduciary duty, and that the district court was clearly erroneous in awarding only $3,000 in damages for the overpayment to Reach.

---

**2.** According to their trial testimony, the Reaches did not maintain their own personal checking account during Harold Reach's tenure as Executive Director.

## II. LIABILITY UNDER SECTION 501

Section 501(a) of the Labor–Management Reporting and Disclosure Act, 29 U.S.C. § 501, provides that union officers "occupy positions of trust in relation to [the union] and its members as a group." Accordingly, section 501 requires each officer "to hold [the organization's] money and property solely for the benefit of the organization and its members and to manage, invest, and expend the same in accordance with its constitution and bylaws and any resolutions of the governing bodies adopted thereunder...." Section 501 stresses that in carrying out his or her duty, a union officer should take "into account the special problems and functions of a labor organization."

██ In drafting section 501, Congress did not intend to give courts a license to interfere broadly in internal union affairs. *See Brink v. Dalesio*, 667 F.2d 420, 424 (4th Cir.1981); *Morrissey v. Curran*, 650 F.2d 1267, 1272–73 (2d Cir.1981); *McNamara v. Johnston*, 522 F.2d 1157, 1163 (7th Cir.1975), *cert. denied*, 425 U.S. 911, 96 S.Ct. 1506, 47 L.Ed.2d 761 (1976). Section 501 is not an invitation for courts to substitute their judgment on how a union should be managed for that of the union officers. Accordingly, where decisions regarding the use of union funds have been authorized in accordance with the union's constitution, by-laws, or other applicable governing provisions, "a court will typically not have cause to review the reasonableness of the [decision]." *Ray v. Young*, 753 F.2d 386, 390 (5th Cir.1985).

██ Authorization, however, is not a complete defense to an accusation of breach of fiduciary duty under section 501. *Id.* at 389; *Morrissey*, 650 F.2d at 1272. Because section 501 was adopted primarily to address the problem of corruption among union officials, *see Ray*, 753 F.2d at 389; *Morrissey*, 650 F.2d at 1272–73;

*McNamara*, 522 F.2d at 1163, it has been "given its strongest reading in [cases] involving a union officer's diversion of union funds or property into his own hands." *Ray*, 753 F.2d at 389. Where a union officer personally benefits from union funds, a court in a section 501 suit may determine whether the expenditure of funds, notwithstanding its authorization, is so manifestly unreasonable as to evidence a breach of fiduciary duty. *Ray*, 753 F.2d at 389; *Morrissey*, 650 F.2d at 1274. Thus, the rule of judicial deference does not apply if an expenditure of union funds is unauthorized, or if it is authorized but bestows a direct,[3] personal benefit on a union official. In either of these instances, courts are free to determine whether an expenditure was so unreasonable as to constitute a breach of fiduciary duty under section 501.

██ The appellants argue that their failure to pay taxes on Reach's salary did not constitute a breach of fiduciary duty under section 501 because the Executive Board made an authorized "business decision" to pay current expenses before paying the IRS. According to the appellants, no one personally benefited from their decision, and thus it is not the sort of authorized decision subject to judicial review for "manifest unreasonableness." This argument is without merit. As they admitted at trial, the appellants decided not to pay the IRS because that would have left no money for current expenses, which consisted mainly of Reach's salary and expenses. Clearly, then, the Board's failure to pay taxes on Reach's salary bestowed a direct, personal benefit on Reach. *See Ray*, 753 F.2d at 390 (concept of personal benefit should not be narrowly construed). Therefore, even assuming that the decision not to withhold payroll taxes was validly authorized, it is still subject to review under section 501. We conclude that the appellants' decision to ignore the federal tax laws was manifestly unreasonable, and ac-

---

**3.** Heightened judicial scrutiny is not justified every time a union officer receives an indirect benefit from a union expenditure. For example, when a union officer enjoys a legitimate business dinner at union expense, he has received an indirect benefit. "Obviously, however, courts cannot and should not probe into the reasonableness of every union dinner. The

line should be drawn in these cases between expenditures that benefit the union and those that do not." *Ray v. Young*, 753 F.2d 386, 391 (5th Cir.1985). Accordingly, if a union officer receives an indirect benefit from a transaction that also benefits the union, valid authorization will normally be a complete defense. *Id.*

cordingly, constitutes a breach of fiduciary duty under section 501. The overpayments to Reach, made possible in part by the Board's failure to pay taxes, also personally benefited Reach. Again, even assuming these payments were authorized, they nevertheless constitute a breach of fiduciary duty under section 501 because they were manifestly unreasonable. *See Morrissey*, 650 F.2d at 1279 (overpayment of union officer deemed unreasonable).[4]

On cross-appeal, the plaintiffs argue that the district court erred in not holding the defendants liable for the $15,000 debt to attorney Thomason and the bank overdraft charges. We agree with the district court that the debt to Thomason does not warrant the imposition of liability under section 501, but disagree as to the bank overdraft charges. It is unclear from the record whether the entire Executive Board authorized Thomason's employment as Council 49's attorney. Normally, it would be important to know whether an employment decision was authorized or not, as this would determine our standard of review under section 501. It is not necessary, however, for us to know whether the decision to employ Thomason was authorized, because even under the stricter judicial scrutiny reserved for unauthorized actions, employing Thomason was not a breach of fiduciary duty. Although the defendants may have used poor judgment in accumulating legal fees that resulted in a default judgment of $85,000, in determining liability under section 501 we cannot ignore that the debt was eventually reduced to $15,000. The district court found that $15,000 reasonably represents the services actually rendered by Thomason and nothing in the record indicates that this finding is clearly erroneous. Legal fees of $15,000 for services rendered

over approximately five years is not a manifestly unreasonable expenditure of union funds, and therefore does not constitute a breach of fiduciary duty under section 501.

The district court found that "[t]he bank overdraft charges were not so unusual as to cause this court to include them as recoverable damages." We disagree. Bank records show that during the last eighteen months of the defendants' tenure, the Council incurred approximately $1200 in overdraft charges. In November of 1984 alone, the Council bounced 27 checks. This careless expenditure of union funds was unauthorized and manifestly unreasonable, thus constituting a breach of fiduciary duty under section 501. We remand for the district court to compute, based on the available bank records, the exact amount of overdraft charges incurred by the defendants and direct the district court to enter judgment in that amount in favor of the plaintiffs.

## III. DAMAGES

The appellants argue that the district court erred in awarding the plaintiffs $40,740.55 as compensation for the Council's tax liability to the IRS. They contend that because the IRS has already obtained a judgment against them for the same amount in a separate proceeding, the district court's judgment, in effect, subjects them to double damages. According to the appellants, the proper measure of damages is $14,000, the amount the plaintiffs had actually paid to the IRS at the time of trial. The district court, however, solved the appellants' problem in its November 26, 1986 order of judgment:

In the event any defendant satisfactorily proves to plaintiffs' counsel, or to the court, that he has paid a portion of the $40,740.55 tax liability of Council 49 to

---

**4.** Although only Reach personally benefited from the Board's failure to pay the Council's taxes and its overpayments to Reach, the district court was correct in also holding Boshell, Gosa, and Trammel jointly and severally liable for the damages, as they knowingly permitted Reach to benefit from union funds. *See Morrissey v. Curran*, 650 F.2d 1267, 1282 (2d Cir.1981) (relying on traditional trust principle of surcharge to hold non-benefiting defendant liable under § 501 for payments to third parties).

The defendants also argue that they cannot be held liable under § 501 because the plaintiffs were aware of the Council's financial problems throughout the course of Reach's tenure, yet did nothing about it. Even if this were true, which is unclear from the record, § 501 does not recognize a defense of "contributory negligence," and this argument, therefore, is without merit.

the Internal Revenue Service and that the obligation of Council 49 has been thus reduced in a particular amount, all defendants shall receive a credit for said payment against this judgment.

Accordingly, we affirm the entry of judgment against the appellants jointly and severally, in the amount of $40,740.55.

On cross-appeal, the plaintiffs argue that the district court was clearly erroneous in awarding them only $3,000 in damages to compensate for the defendants' overpayment to Reach. We agree. The district court did not explain how it arrived at the figure of $3,000 as adequate compensation for the plaintiffs. It merely stated that this damage figure was "no more than the court's best judgment based on poor records." Although the records in this case were inadequate, the plaintiffs, using the only available records, estimate Reach's overpayment to be more than $10,-000 and have convinced us that the district court's award of $3,000 was clearly erroneous. In calculating Reach's overpayment, the plaintiffs relied on the Council's September, 1983, October, 1983, and February, 1984 financial reports, the only ones available, and on copies of bank statements and cancelled checks provided by the Council's bank. Although we offer no opinion on whether the exact amount of damages, $10,893.00, calculated by the plaintiffs is correct, we endorse their method of calculation, which relies to an extent on estimates and averages based on the available records. *See Erkins v. Bryan*, 785 F.2d 1538, 1544 (11th Cir.) (approximation of damages necessary in absence of specific records), *cert. denied*, — U.S. ——, 107 S.Ct. 455, 93 L.Ed.2d 402 (1986). As the defendants are responsible for the dearth of evidence making it impossible to determine damages in a more exact fashion, the plaintiffs' method of calculating damages seems especially fair. Accordingly, we remand for the district court to reconsider, based on the available evidence, the amount of damages due the plaintiffs as a result of Reach's overpayment.

## IV. CONCLUSION

We AFFIRM the district court's order holding the defendants liable under section 501 for their failure to withhold payroll taxes and their overpayments to Reach, and we also AFFIRM the $40,740.55 award of damages as compensation for the failure to pay taxes. We VACATE the award of $3,000 as compensation for Reach's overpayment and REMAND for a reexamination of the proper amount of damages based on the available evidence. We AFFIRM the portion of the district court's order refusing to hold the defendants liable for the $15,000 debt to Thomason. We REVERSE the portion of the district court's order holding the defendants not liable for the bank overdraft charges and REMAND for a determination of the damages due the plaintiffs for this breach of fiduciary duty.